IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRIPLE "S" WILDLIFE RANCH, LLC, an Oklahoma Limited Liability Company, and STEVEN M. SIEBERT, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. CIV-16-196-C |
| STATE OF OKLAHOMA, ex rel. OKLAHOMA DEPARTMENT OF WILDLIFE CONSERVATION; TOM CARTWRIGHT; RICKY RUSHING; JERRY FLOWERS; and RICHARD HATCHER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven M. Siebert owns and manages Plaintiff Triple "S" Wildlife Ranch. The Ranch is a 3,000-acre game ranch open to the public where clients participate in hunting and photo safaris of free-ranging wildlife from around the world. The Ranch also produces and sells wildlife decor, which includes taxidermy, furniture, and various home decorations involving wildlife – products like antlers, hides, and horns. Following a series of searches and seizures occurring at the Ranch, Plaintiffs brought this action asserting a claim for violation of their constitutional rights and various state law-based tort claims. Defendants Cartwright, Hatcher, and Oklahoma Department of Wildlife Conservation ("ODWC") filed a Motion to Dismiss arguing Plaintiffs lack standing to pursue their claims. These Defendants also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing Plaintiffs have failed to state a claim for relief.

1. Standing

The Court will first address the standing challenge. According to Defendants Cartwright, Hatcher, and OWDC, Plaintiffs failed to obtain a sales tax permit as required by state law. Defendants argue that as a result Plaintiffs were unable to legally engage in the activities of operating the Ranch and therefore cannot recover damages based on the inability to operate that facility. In support of their argument, Defendants point to an action filed by the Oklahoma Tax Commission in the District Court for Hughes County, Oklahoma, in which Plaintiffs admitted that they did not hold an Oklahoma sales tax permit during the relevant time period.

In order to establish standing, Plaintiffs must demonstrate, "(1) that he or she has 'suffered injury in fact;' (2) that the injury is '"fairly traceable to the challenged action of the defendant;"' and, (3) that it is 'likely' that 'the injury will be redressed by a favorable decision.'" Awad v. Ziriax, 670 F.3d 1111, 1120 (10th Cir. 2012) (quoting Arizona Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 134 (2011)). Defendants argue that Plaintiffs fail to satisfy any of the three elements. According to Defendants, Plaintiffs define all of their injuries as stemming from their inability to sell commercial hunts and their inability to sell taxidermy mounts. Defendants argue that because Plaintiffs did not have a sales tax permit, they could not have legally sold either the hunts or the taxidermy mounts and therefore they could not recover damages for being unable to engage in the illegal activity. Defendants raise similar arguments on the issues of causation and redressability, essentially repeating the

argument that with the lack of sales permit, Plaintiffs could not have engaged in the activities which they claim gave rise to their damages.

Defendants' arguments narrow Plaintiffs' claims for relief in an unsupportable fashion. While Plaintiffs do indeed assert that some of the harm flowing from the alleged wrong they suffered was the inability to engage in hunts or sell items, those actions are not the sole grounds for the damages. Rather, Plaintiffs assert that Defendants engaged in wrongful activity that violated their civil rights, and certainly damages may be recovered for those claims unrelated to sale of a specific item including mounts or hunts. Further Plaintiffs seek injunctive relief, which is not dependent upon their ability to sell items. Accordingly, Plaintiffs have identified or at least alleged facts which if established would demonstrate that they have suffered an injury in fact; that injury is traceable to the challenged action of Defendants; and that injury can be redressed by a favorable decision. Ultimately, any limit on damages that Plaintiffs may recover due to the sales tax issue will be determined at a later stage. At this stage, the Court's only determination is that there are injuries alleged which can be resolved or addressed and therefore Plaintiffs have standing to pursue their claims. Defendants' standing challenge will be denied.

2. Official Capacity

For their 12(b)(6) Motion, Defendants argue they are improper parties to Plaintiffs' 42 U.S.C. § 1983 claims, as states or state agencies are not persons under § 1983 and therefore not subject to suit under the statute. See Will v. Mich. Dep't of State Police, 491 US 58 (1989). Defendants argue that, to the extent Plaintiffs pursue official capacity claims

against Hatcher and Cartwright, an official capacity claim is a suit against the governmental entity for which the official is an agent. Hafer v. Melo, 502 U.S. 21 (1991). Thus, these Defendants should be dismissed. In Response, Plaintiffs argue only Eleventh Amendment issues and note that the state court has granted a preliminary injunction against OWDC and Cartwright requiring them to address Plaintiffs' license application. Thus, Plaintiffs argue these individuals are proper parties to their 1983 action.

None of Plaintiffs' arguments have merit. As Defendants correctly note, states and their agents in official capacities are not persons within the auspices of § 1983. Accordingly, Plaintiffs' § 1983 claim against OWDC and Defendants Cartwright and Hatcher in their official capacities will be dismissed.

3. Search and Seizure

Defendants next challenge Plaintiffs' claims against Defendants Cartwright and Hatcher in their individual capacities for alleged violations of Plaintiffs' Fourth and Fourteenth Amendment rights. These claims are based upon Plaintiffs' allegations that the search warrants used to search the Ranch and seize property therefrom lacked probable cause and were invalid on their face. In a § 1983 claim asserting improper search, the "question is [] whether the search was reasonable under the Fourth Amendment." Cooper v. California, 386 U.S. 58, 61 (1967). To determine validity, the Court views the circumstances objectively and determines whether a reasonable person would have reason to believe that an offense had been committed. United States v. Martin, 613 F.3d 1295, 1302 (10th Cir. 2010). An otherwise valid search warrant violates the Fourth Amendment if an affiant "knowingly and

4

intentionally, or with reckless disregard for the truth" includes false statements in his search warrant affidavit. Franks v. Delaware, 438 U.S. 154, 155 (1978).

Plaintiffs argue that when viewed objectively, the search warrants issued in this case satisfy these standards and therefore a Fourth Amendment violation has occurred. Plaintiffs' state court petition alleges that in obtaining the search warrants, the Defendants acted in bad faith, made false or untrue allegations, recklessly omitted critical information from the affidavit, failed to properly describe the items to be seized, seized items which were not described, and permitted persons other than those allowed by the warrant to participate in the search. Plaintiffs also attach the affidavits and search warrants to their original state court petition. The state court found that the warrants were unsupportable and quashed them, which resulted in the dismissal of charges against Plaintiffs.

In this regard Plaintiffs have pleaded facts sufficient to survive Defendants' Motion to Dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Further, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "The 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint" but rather requires only that the plaintiff allege enough factual allegations in the complaint to "set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).

Defendants' challenge to Plaintiffs' § 1983 claim based on alleged violations of the Fourth and Fourteenth Amendments will be denied.*

4. Licensing

Plaintiffs argue Defendant Cartwright violated their "constitutional interests protected by due process," by arbitrarily and capriciously refusing to consider their license application from July 1, 2014, to August 26, 2015. (Pls.' Resp., Dkt. No. 21, p. 22.) Defendants argue Plaintiffs fail to state a valid § 1983 claim on this issue as they have failed to identify any deprivation of rights secured by the United States Constitution or the laws of the United States. As Defendants note, in the absence of a property interest in the license, there can be no improper taking. Defendants have offered citation to several cases demonstrating Plaintiffs held no federally-protected right in the license. Plaintiffs offer no law to counter this showing. Accordingly, Plaintiffs' claim for refusal to issue the license will be dismissed.

5. Conspiracy

The portion of Plaintiffs' Petition purporting to state a civil conspiracy claim is woefully insufficient. Plaintiffs offer nothing more than conclusory allegations and assumptions. More is required to state a conspiracy claim under either § 1983 or Oklahoma law.

"[W]hile . . . allegations of a conspiracy may form the basis of a § 1983 claim, . . . 'a plaintiff must allege specific facts showing an agreement and concerted action amongst the

---

* The Court notes that Plaintiffs assert they are not pursuing a malicious prosecution claim. Accordingly, Defendants' request for dismissal of that claim is moot.

defendants' because "'[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'"" Brooks v. Gaenzle, 614 F.3d 1213, 1228 (10th Cir. 2010) (quoting Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998)). To plead a claim under Oklahoma law Plaintiffs must plead facts showing two or more persons agreeing "to do an unlawful act, or to do a lawful act by unlawful means." Roberson v. PaineWebber, Inc., 2000 OK CIV APP 17, ¶ 21, 998 P.2d 193, 201. Plaintiffs' civil conspiracy claim will be dismissed with leave to amend.

6. Declaratory and Injunctive Relief

Plaintiffs seek a preliminary injunction preventing OWDC from taking any action to interfere with the business of the Ranch; return the possession and property of Plaintiffs; copy the computers and business records of the ranch and return the records; and return medicines seized on July 9, 2014. Additionally, Plaintiffs seek a declaratory judgment that the wildlife mounts seized by Defendants are lawfully owned and possessed by Plaintiffs.

Defendants argue these claims are moot, as Plaintiffs' property was returned following entry of an Order by the District Court of Hughes County, Oklahoma. Plaintiffs do not dispute this point, but argue that nevertheless their declaratory and injunctive claims are not moot. However, other than a speculative claim that Defendants may again take improper action, Plaintiffs offer no factual or legal basis to demonstrate their injunctive relief claims are not moot.

Accordingly, Plaintiffs' claims requesting return of the possessions and property of Plaintiffs, to copy the computers and business records of the Ranch and return the records,

and to return medicines seized on July 9, 2014, will be dismissed as moot. Plaintiffs' request for an injunction barring OWDC from taking any action which would interfere with the business enterprises of the Ranch as they existed prior to June 30, 2014, is overbroad and will be dismissed.

Plaintiffs' request for a declaratory ruling that the wildlife mounts seized by Defendants are lawfully owned and possessed by Plaintiffs is not moot and remains pending.

### 7. License

Defendants assert that Plaintiffs request the Court to evaluate OWDC's policies, statutes and practices governing issuance of hunting licenses, management of its wildlife population, and regulation of the trade of wildlife. According to Defendants, because these are primarily state issues, the Court should abstain from considering them. In response, Plaintiffs argue abstention is inappropriate as the case deals only with whether or not the license was arbitrarily and capriciously denied. As noted above, Plaintiffs have failed to plead facts demonstrating a federally-protected interest in the licensure process and the Court herein dismisses any claim that a license was arbitrarily and capriciously denied. Accordingly, there is no claim remaining from which to abstain.

### 8. Qualified Immunity

Defendants Cartwright and Hatcher argue they are entitled to qualified immunity. Because Defendants have raised this defense "the onus is on the plaintiff to demonstrate '(1) that the official violated a statutory or constitutional right, *and* (2) that the right was "clearly established" at the time of the challenged conduct.'" Quinn v. Young, 780 F.3d 998,

8

1004 (10th Cir. 2015) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011)). The first issue has been resolved in favor of Plaintiffs earlier in this Order. There are sufficiently pleaded facts which if proven would establish that Defendants Cartwright and Hatcher violated Plaintiffs' Fourth Amendment rights during the searches of the Ranch and by the improper seizure of items during those searches. Therefore, only the second element need be considered here.

It is beyond question that any reasonably competent law enforcement officer would understand that the Fourth Amendment protects against improper search and/or seizure. However, such broad statements are of no assistance in this case. See al-Kidd, 563 U.S. at 742 ("The general proposition . . . that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."). Rather, "existing precedent must have placed the statutory or constitutional question beyond debate." Id. at 741. The Tenth Circuit has defined "clearly established" as:

> "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." The plaintiff is not required to show, however, that the very act in question previously was held unlawful in order to establish an absence of qualified immunity.

Cruz v. City of Laramie, Wyo., 239 F.3d 1183, 1187 (10th Cir. 2001) (quoting Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992)) (footnotes omitted). In terms of Fourth Amendment protections in a search or seizure context, the central question

9

is whether the actions were reasonable. United States v. McCullough, 457 F.3d 1150, 1163 (10th Cir. 2006).

With these standards in mind, the Court finds Plaintiffs have pleaded facts sufficient to survive the Motion to Dismiss. Any reasonable officer in the position of Defendants Cartwright or Hatcher should have recognized the flaws in the warrant obtained by Rushing. Further, to the extent Defendant Cartwright obtained a second warrant, the facts alleged by Plaintiffs demonstrate it was also improperly obtained. Much of the information supporting the warrant was obtained during the first search and so is tainted by the problems surrounding that incident. To the extent Defendant Cartwright relied on information obtained via the Ranch's webpage, those pictures could not provide the requisite probable cause to support a valid warrant. It has long been "clearly established that warrants must contain probable cause that a *specified crime* has occurred and meet the particularity requirement of the Fourth Amendment in order to be constitutionally valid." Mink v. Knox, 613 F.3d 995, 1011 (10th Cir. 2010) (citation omitted). Accordingly, Defendants' Motion to Dismiss based on qualified immunity will be denied.

## CONCLUSION

As set forth more fully herein, Defendants Cartwright, Hatcher and the Oklahoma Department of Wildlife Conservation's Motion to Dismiss For Lack of Jurisdiction (Dkt. No. 24) is DENIED. Defendants Tom Cartwright, Richard Hatcher and the Oklahoma Department of Wildlife Conservation's Motion to Dismiss (Dkt. No. 5) is DENIED in part and GRANTED in part. The official capacity claims against Defendants Cartwright,

Hatcher, and OWDC are dismissed with prejudice; the challenge to Plaintiffs' § 1983 claim for improper search and seizure is denied; Plaintiffs' claims for refusal to issue the license are dismissed with prejudice; Plaintiffs' civil conspiracy claim is dismissed without prejudice; Plaintiffs' request for an injunction ordering the return of property seized during the two searches is moot, as the property has been returned; Plaintiffs' request for an injunction preventing OWDC from interfering with operations of the Ranch is overbroad and will be dismissed without prejudice; Defendants' request to deny Plaintiffs' declaratory judgment claim regarding the legality of the mounts is denied; Plaintiffs' challenge to the licensing process of the OWDC is dismissed as Plaintiffs have no federally-protected interest in the license; Defendants Cartwright and Hatcher's request for dismissal based on qualified immunity is denied. To the extent Plaintiffs wish to pursue claims dismissed herein without prejudice, an Amended Complaint shall be filed within 10 days of the date of this Order.

    IT IS SO ORDERED this 22nd day of June, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge