IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRIPLE "S" WILDLIFE RANCH, LLC, an Oklahoma Limited Liability Company, and STEVEN M. SIEBERT, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. CIV-16-196-C ) |
| STATE OF OKLAHOMA, ex rel. OKLAHOMA DEPARTMENT OF WILDLIFE CONSERVATION; TOM CARTWRIGHT; RICKY RUSHING; JERRY FLOWERS; and RICHARD HATCHER, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven M. Siebert owns and manages Plaintiff Triple "S" Wildlife Ranch. The Ranch is a 3,000-acre game ranch open to the public where clients participate in hunting and photo safaris of free-ranging wildlife from around the world. The Ranch also produces and sells wildlife decor, which includes taxidermy, furniture, and various home decorations involving wildlife – products like antlers, hides, and horns. Following a series of searches and seizures occurring at the Ranch, Plaintiffs brought this action asserting a claim for violation of their constitutional rights and various state law-based tort claims. Defendants challenged the Complaint via a Fed. R. Civ. P. 12(b)(6) Motion. The Court granted the Motion in part, dismissing certain of the claims without prejudice and permitting Plaintiffs to file an Amended Complaint. Plaintiffs have now filed their Amended Complaint and Defendants have filed renewed Fed. R. Civ. P. 12(b)(6) Motions to Dismiss.

Defendants Tom Cartwright, Richard Hatcher, and the Oklahoma Department of Wildlife Conservation ("ODWC Defendants") filed a joint Motion and Defendants Jerry Flowers and Ricky Rushing filed a joint Motion. The Court will address both Motions in this Order.

The ODWC Defendants challenge the allegations in Plaintiffs' Amended Complaint complaining of the denial of the hunting license. As the ODWC Defendants correctly note, the Court previously ruled Plaintiffs did not have a property interest in obtaining that license and therefore had no Fourteenth Amendment claim based on the denial. The ODWC Defendants complain that Plaintiffs have attempted to revive that issue in the Amended Complaint. However, after reviewing the Amended Complaint, the Court finds the licensing issues are pleaded only as factual allegations in support of other claims. There is no specific claim for relief related to the licensing at issue. Thus, it does not appear that Plaintiffs are attempting to renew their earlier dismissed cause of action. Whether or not the licensing issues play a factual role in supporting other claims or will provide factual support for damages in other claims will be determined when considering those claims in future proceedings. Therefore, the ODWC Defendants' request to dismiss these claims will be denied.

All Defendants challenge Plaintiffs' addition of a First Amendment claim in the Amended Complaint. Indeed, when discussing their § 1983 action, Plaintiffs, for the first time, raise allegations based on an alleged violation of their First Amendment rights. In response, Plaintiffs asserts they were not attempting to assert a new claim, but rather to better

describe the basis for their civil rights claim under § 1983. Of course, § 1983 does not give rise to an independent cause of action; rather, it serves only as a gateway to permit violations of constitutional law or federal statutes to be brought in federal court. See Trujillo v. Grand Junction Reg'l Ctr., 928 F.2d 973, 977 (10th Cir. 1991) (superseded on other grounds by 42 U.S.C. § 1981) ("Section 1983 does not create any substantive rights but rather 'creates only a remedy for violations of rights secured by federal statutory and constitutional law.'") (quoting Tafoya v. Adams, 816 F.2d 555, 558 n. 5 (10th Cir. 1987)). Thus, Plaintiffs' newly added First Amendment claim cannot simply serve to outline the parameters of a § 1983 claim, but would have to exist as an independent claim. Because Plaintiffs failed to obtain leave of Court before inserting this new claim, it will be stricken from the Amended Complaint. See Fed. R. Civ. P. 15(a)(2). Defendants' Motions to Dismiss will be granted on this claim.

The ODWC Defendants next challenge Plaintiffs' claims for injunctive relief. According to Defendants, Plaintiffs simply reasserted the identical claims raised before. The Court dismissed those claims because they were either moot or overbroad. In response, Plaintiffs argue that the claims are not identical, but rather they have revised them and amplified the arguments raised. Additionally, Plaintiffs argue that they were the prevailing party on the injunctive relief claims. According to Plaintiffs, they obtained much of the relief sought after filing the injunctive relief claims, therefore they should be entitled to recover their attorneys' fees. Plaintiffs assert they have repleaded the claims to protect any right to recover attorney fees. In their Reply brief, the ODWC Defendants challenge only the factual

accuracy of Plaintiffs' pleading, arguing that Plaintiffs were not in fact the prevailing party in state court, nor did they obtain their request for injunctive relief from that court. In this regard, the ODWC Defendants' position is beyond the scope of a Rule 12(b)(6) Motion. Because Plaintiffs have pleaded facts which, if proven, would entitle them to relief, dismissal is inappropriate. The ODWC Defendants' Motion to Dismiss will be denied on this issue.

The ODWC Defendants next argue that Richard Hatcher in his individual capacity has never been a party to the action. According to the ODWC Defendants, in the original Complaint, Richard Hatcher was sued only in his official capacity, however, the Amended Complaint deletes that limitation, implying he is being sued in his individual capacity. Further, the ODWC Defendants note that Mr. Hatcher, in his individual capacity, has never been served with summons. In response, Plaintiffs argue that there were in fact individual claims for injunctive and declaratory relief against both Cartwright and Hatcher in the original Complaint.

Review of the original amended state court petition makes clear that Mr. Hatcher was sued only in his official capacity. Plaintiffs' attempts to add him in to the Amended Complaint without first obtaining leave was therefore improper. See Fed. R. Civ. P. 15(a)(2). To the extent Plaintiffs request leave to insert Mr. Hatcher in their Response brief, that action is also improper. See LCvR 7.1(c). Accordingly, the ODWC Defendants' Motion to Dismiss the individual capacity claim against Mr. Hatcher will be granted. In their Response brief Plaintiffs note they have no basis to demonstrate personal participation by Mr. Hatcher on any claim other than the injunctive relief claim. Thus, the dismissal of Mr. Hatcher will

4

be with prejudice on every issue other than the injunctive relief claim. See Jenkins v. Wood, 81 F.3d 988, 994–95 (10th Cir.1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.") (internal citation omitted).

All Defendants argue that Plaintiffs' civil conspiracy claims must fail, as Plaintiffs still have failed to plead sufficient facts to support them. According to Defendants, Plaintiffs have pleaded only conclusory allegations. However, after review, with one exception, the Court finds that Plaintiffs have sufficiently pleaded facts to support a claim for a civil conspiracy under either federal or state law. The sole exception is Plaintiffs' claims that Hatcher and Cartwright conspired with a nonparty federal agent to secure a conviction for violation of federal wildlife laws. As Defendants recognize, any success on that claim would run afoul of the prohibitions set forth by Heck v. Humphrey, 512 U.S. 477 (1994), because it would bring into question the underlying federal conviction. Plaintiffs' argument that the conviction is insufficient to support a Heck prohibition because it will be appealed is incorrect. See Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996), recognizing that Heck held:

> that to recover damages for an unconstitutional conviction or imprisonment a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

Thus, until such time as the conviction is overturned, Plaintiffs' claim is barred. Any portion of Plaintiffs' Amended Complaint that alleges a conspiracy based upon actions related to the

5

Texas federal conviction will be dismissed without prejudice. The remaining civil conspiracy claims will proceed.

The ODWC Defendants challenge Plaintiffs' request for declaratory relief regarding ownership and possession of certain wildlife mounts. As Plaintiffs note, the Court previously ruled on this issue and the ODWC Defendants have offered no reason to reconsider that ruling. The ODWC Defendants also challenge the portion of Plaintiffs' Amended Complaint that raises a federal declaratory judgment claim. Because The ODWC Defendants raised this matter for the first time in their Reply brief, it is improper and will not be considered by the Court. See Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011).

The ODWC Defendants argue Defendant Cartwright is entitled to qualified immunity. As Plaintiffs assert, the Court has previously considered this issue. While the ODWC Defendants raise some new arguments, even with those considered, they fail to provide any basis to alter the reasoning of the Court's earlier Order; that is, it would have been apparent to any reasonable competent law enforcement officer that the Fourth Amendment protects against an improper search and seizure and that the grounds on which Cartwright relied to obtain the warrant were patently invalid. Thus, Defendant Cartwright is not entitled to qualified immunity.

Defendants Rushing and Flowers also seek qualified immunity. However, their Motion is utterly devoid of any analysis or reasoning. Rather, Defendants Rushing and Flowers simply assert the defense in a conclusory fashion and offer a few citations to general

principals of qualified immunity law. In the absence of any analysis of the applicable law as applied to Plaintiffs' Amended Complaint, the request for immunity will be denied.

## CONCLUSION

For the reasons set forth herein, Defendants Tom Cartwright, Richard Hatcher and the Oklahoma Department of Wildlife Conservation's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. No. 34) is granted in part and denied in part. Defendants Flowers and Rushing's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. No. 33) is granted in part and denied in part. The ODWC Defendants' request to dismiss claims related to licensing Plaintiffs are denied. Defendants' Motions to Dismiss Plaintiffs' First Amendment claim is granted without prejudice. The ODWC Defendants' Motion to Dismiss challenging injunctive relief is denied. The ODWC Defendants' Motion to Dismiss the individual capacity claim against Mr. Hatcher will be granted with prejudice except for injunctive relief claims which are dismissed without prejudice. That portion of Plaintiffs' Amended Complaint that alleges a conspiracy based upon actions related to the Texas federal conviction is dismissed without prejudice. The challenge to the remaining civil conspiracy claims is denied. The ODWC Defendants' challenge to Plaintiffs' request for declaratory relief regarding ownership and possession of certain wildlife mounts is denied. All Defendants' assertion of qualified immunity is denied.

IT IS SO ORDERED this 25th day of August, 2016.

ROBIN J. CAUTHRON
United States District Judge